UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 21-5697 MWF (MARx) | Date:  November 17, 2021 |
| Title:  **Omar Luna v. Moorpark-Studio City Limited Partnership, et al.** | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DISMISSING ACTION WITHOUT PREJUDICE

On July 14, 2021, Plaintiff Omar Luna commenced this action against Defendant Moorpark-Studio City Limited Partnership.  (Complaint (Docket No. 1)).  Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff must have served the Complaint by October 12, 2021.

On September 28, 2021, the Court issued an Order directing Plaintiff to show cause ("OSC"), by no later than October 12, 2021, why the action should not be dismissed for lack of prosecution.  (Docket No. 13).  The Court indicated that "[I]f the Proof of Service requires Defendant's future response or ADA Application, and if Defendant does not timely file such a Response or ADA Application, Plaintiff must file an Application to Clerk to Enter Default … **within five calendar days** after that … due date.  Failure to do so will be deemed abandonment of this action and the Court will immediately dismiss it for lack of prosecution."  (*Id.* at 2).

On October 12, 2021, Plaintiff filed a Proof of Service in response to the OSC (the "POS").  (Docket No. 14).  The POS reflected personal service Defendant's agent for service of process on October 12, 2021; Defendant's response or ADA Application was due no later than November 2, 2021.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 21-5697 MWF (MARx) | Date:  November 17, 2021 |
| Title:      **Omar Luna v. Moorpark-Studio City Limited Partnership, et al.** | |

district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted.  Plaintiff was specifically warned that an Application to Clerk to Enter Default had to be filed within five calendar days of the date Defendant's response to the Complaint or ADA Application was due, or November 8, 2021.

Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.